**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DAVID A. PALUMBO**<br>265 West Kenworth Road<br>Columbus, Ohio 43214<br><br>and<br><br>**SHIRLEY PALUMBO**<br>265 West Kenworth Road<br>Columbus, Ohio 43214<br><br>        Plaintiffs,<br>  v.<br><br>**THE CMI GROUP, INC.<br>D/B/A CREDIT MANAGEMENT LP**<br>c/o It's President and/or Chief Officer<br>4200 International Parkway<br>Carrollton, Texas 75007,<br><br>        Defendant. | Case No: 2:13-cv-208<br><br>JURY DEMAND REQUESTED<br><br>**CIVIL COMPLAINT**<br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

PLAINTIFFS, David and Shirley Palumbo (Plaintiffs), by their attorneys, KAHN & ASSOCIATES, L.L.C., allege the following against DEFENDANT, The CMI Group d/b/a Credit Management, LP (Defendant):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiffs are natural persons who reside in the City of Columbus, Franklin County, Ohio and are allegedly obligated to pay a debt, and Plaintiffs are "consumers" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiffs which was allegedly due and owing from Plaintiff, and Plaintiffs are consumer debtors.

7. Defendant is a Texas corporation and debt collector with an office in Carrollton, Texas.

8. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Plaintiffs receive telephone calls from Defendant at telephone number 614.262.9941 in connection with Defendant seeking to collect an alleged consumer medical debt owed by "David P. Palumbo".

11. Upon information and belief, the alleged debt Defendant is seeking to collect is owed by David P. Palumbo, who is the emancipated adult, non-resident son of the Plaintiffs.  Plaintiff David A. Palumbo and his adult son, David P. Palumbo, share similar names.

12. On numerous occasions, Plaintiffs have informed Defendant that they are seeking the wrong individual; that their son does not live at that address and cannot be contacted through their telephone number; and that Plaintiff David A. Palumbo has never seen the doctor whose bill Defendant is seeking to collect.

13. Defendant has reported the debt to the credit bureaus due and owing from Plaintiff David A. Palumbo even though Plaintiffs have made Defendant well aware that they dispute the alleged status of the account.

14. Defendant has made threats that it will file a lawsuit against Plaintiffs and take them to court in the absence of suitable payment arrangements, even though Defendant had no present intention of filing a lawsuit, and despite Defendant knowing about the error as to whether the debt was actually due and owing from Plaintiffs.

15. Plaintiff David A. Palumbo even went so far as to provide Defendant with the last 4 digits of his social security number to verify that he is not the individual being sought for payment on the alleged medical bill.  Defendant even agreed at that point that it was seeking the wrong individual for collecting payment, and temporarily ceased calling Plaintiffs as to the account.

16. However, Defendant resumed its calls to Plaintiffs again, this time asking to speak to Plaintiff Shirley Palumbo.  Defendant during further contacts has demanded

that Plaintiffs provide them with a police report for fraud and proof of identity theft.

17. Defendant's repeated calls to Plaintiffs' telephone number after being informed it is the wrong number evidence that Defendant intends for its calls to annoy or harass the Plaintiffs as part of its effort to coerce payment, potentially even from the actual account debtor, on the alleged outstanding balance.

18. Plaintiffs have never requested that Defendant contact them and, having been informed numerous times that it is calling the wrong number, Defendant has no reasonable basis for belief that Plaintiffs' earlier response was in error or that Plaintiffs will now provide complete contact information for the individual from whom Defendant is seeking payment.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692b(3)* by, in a communication with a person other than the consumer, communicating with that person more than once unless requested to do so by that person, or without the reasonable belief that the earlier response was erroneous or incomplete and that the person now has correct or complete location information.

   b. Defendant violated *§1692d* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   c. Defendant violated *§1692d(5)* by causing a telephone to ring or engaging

       any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    d. Defendant violated *§1692e* by using any false, deceptive, or misleading representation or means in connection with the collection of a debt.

    e. Defendant violated *§1692e(2)(A)* by the false representation of the character, amount, or legal status of a debt.

    f. Defendant violated *§1692e(5)* by threatening to take any action that cannot be legally taken or is not intended to be taken.

    g. Defendant violated *§1692e(8)* by communicating, or threatening to communicate, to any person credit information which is known, or should be known, to be false, including the failure to communicate that a disputed debt is disputed.

WHEREFORE, Plaintiffs, David and Shirley Palumbo, respectfully request judgment be entered against Defendant, for the following:

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, David and Shirley Palumbo, request a jury trial in this case.

Respectfully submitted,

**KAHN & ASSOCIATES, LLC**

*/s/ J. Daniel Scharville*

**J. DANIEL SCHARVILLE (0071132)**
dscharville@kahnandassociates.com
6200 Rockside Woods Blvd., Suite 215
Independence Ohio 44131
216.621.6101 Telephone
216.621.6006 Facsimile

Attorney for Plaintiffs